NORMAN R. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 1033-86.
United States Tax Court
T.C. Memo 1987-266; 1987 Tax Ct. Memo LEXIS 266; 53 T.C.M. (CCH) 931; T.C.M. (RIA) 87266; June 1, 1987. Norman R. Taylor, pro se. Pamela R. Martin, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's 1981 and 1982 Federal income taxes, including additions to tax, as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)(1) [2]
Sec. 6654(a)
1981
$10,343
$2,528.25
$517.15
$770.49
1982
10,874
2,718.50
543.70
1,058.38
When this *267 case was called for trial, petitioner admitted that he had received the unreported amounts upon which the deficiency notices were based and from the persons set forth in the deficiency notices. He also admitted that he had no deductions or credits other than those allowed in the notices. The burden of proof is on petitioner to show that respondent's determinations, as set forth in the notices of deficiency, are incorrect. ; Rule 142. Petitioner made no effort, and indeed declined, to produce any substantive evidence to carry that burden. Instead, he asserted that he had various grounds for resisting the deficiencies, as indicated in his petition, most of which are based on the assertion that respondent's actions and the placing of the burden of proof upon petitioner are unconstitutional. The Court granted petitioner permission to file a brief, which he has now filed. It is a lengthy discourse of various constitutional arguments dealing with levies and assessments, prosecutions for tax crimes, and the assertion that the Form 1040 does not meet the requirements of the Privacy Act, the Paperwork Reduction Act or the Federal *268 Register Act. Petitioner's arguments are either irrelevant to the question of the existence of a deficiency or totally without merit, having long since been rejected in cases too numerous to cite other than by way of example. E.g., , affg. a Memorandum Opinion of this Court. See also , affg. a Memorandum Opinion of this Court; ; , affg. a Memorandum Opinion of this Court. The long and short of the matter is that petitioner is simply another "tax protestor" whose insistence on pursuing fruitless arguments imposes on the time and effort of respondent and the courts which could otherwise be devoted to disposing of bona fide claims of taxpayers regarding factual and legal issues under the Internal Revenue Code. See . Petitioner has totally failed to carry his burden of proof. Accordingly, we hold that respondent's determinations are sustained. *269 The section 6653(a)(2) additions are to be based on underpayments of $10,343 for 1981 and $10,874 for 1982. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent also determined that petitioner was liable for 50 percent additional interest under section 6653(a)(2) on any section 6653 underpayment to which may be found to exist.↩